QUINN EMANUEL URQUHART & SULLIVAN, LLP
  David A. Nelson (*pro hac vice* admission pending)
  davenelson@quinnemanuel.com
  Marc Kaplan (*pro hac vice* admission pending)
  marckaplan@quinnemanuel.com
500 West Madison Street, Suite 2450
Chicago, Illinois  60661-2510
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Justin Griffin (Bar No. 234675)
  justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Qualcomm Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PROGRESSIVE SEMICONDUCTOR SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>QUALCOMM TECHNOLOGIES, INC. AND MARVELL SEMICONDUCTOR, INC.<br><br>    Defendants. | CASE NO. CV 13-01535-ODW-JEM<br><br>QUALCOMM TECHNOLOGIES, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT, DEFENSES, AND COUNTERCLAIMS<br><br>JURY DEMAND<br><br>Judge:    Hon. Otis D. Wright |

Defendant Qualcomm Technologies, Inc. ("QTI"), through its counsel, respectfully responds to the Complaint for Patent Infringement filed by Plaintiff, Progressive Semiconductor Solutions, LLC ("Plaintiff") as follows:

## PARTIES

1. Answering Paragraph 1, QTI is without knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

2. Answering Paragraph 2, QTI admits that it is a Delaware corporation with its principal place of business in San Diego, California. QTI denies all other allegations set forth in this Paragraph.

3. Answering Paragraph 3, QTI is without knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

## JURISDICTION AND VENUE

4. Answering Paragraph 4, QTI admits that the Complaint purports to set forth an action for patent infringement, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). QTI denies all other allegations set forth in this Paragraph.

5. Answering Paragraph 5, QTI admits that is has transacted business within the Central District of California. QTI denies all other allegations set forth in this Paragraph.

6. Answering Paragraph 6, QTI admits this Court has personal jurisdiction over QTI for the purpose of this action. QTI denies all other allegations set forth in this Paragraph.

## PATENT INFRINGEMENT

7. Answering Paragraph 7, QTI admits that U.S. Patent No. 6,473,349 ("the '349 patent") on its face is titled "CASCODE SENSE AMP AND COLUMN SELECT CIRCUIT AND METHOD OF OPERATION" and recites an issue date of

October 29, 2002.  QTI admits that the Complaint purports to attach a true and correct copy of the '349 Patent.  QTI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

8.    Answering Paragraph 8, QTI admits that U.S. Patent No. 6,862,208 ("the '208 Patent") on its face is titled "MEMORY DEVICE WITH SENSE AMPLIFIER AND SELF-TIMED LATCH" and recites an issue date of March 1, 2005.  QTI admits that the Complaint purports to attach a true and correct copy of the '208 Patent.  QTI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

9.    Answering Paragraph 9, QTI admits that the Complaint purports to refer to the '349 and '208 patents collectively as the "Patents-in-Suit."  QTI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

10.    Answering Paragraph 10, QTI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph and, therefore, denies them.

11.    Answering Paragraph 11, QTI denies the allegations therein.

12.    Answering Paragraph 12, QTI denies the allegations therein.

13.    Answering Paragraph 13, QTI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph and, therefore, denies them.

14.    Answering Paragraph 14, QTI admits that Plaintiff purports to reserve rights to assert additional claims and patents.  QTI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

15.    Answering Paragraph 15, QTI denies the allegations therein.

16. Answering Paragraph 16, QTI denies the allegations therein.

**PRAYER FOR RELIEF**

QTI denies that the Plaintiff is entitled to relief.

A. QTI denies that Plaintiff is entitled to the relief requested in Paragraph A.

B. QTI denies that Plaintiff is entitled to the relief requested in Paragraph B.

C. QTI denies that Plaintiff is entitled to the relief requested in Paragraph C.

D. QTI denies that Plaintiff is entitled to the relief requested in Paragraph D.

E. QTI denies that Plaintiff is entitled to the relief requested in Paragraph E.

F. QTI denies that Plaintiff is entitled to the relief requested in Paragraph F.

G. QTI denies that Plaintiff is entitled to the relief requested in Paragraph G.

# DEFENSES AND COUNTERCLAIMS

1. QTI asserts the following defenses set forth below, and in making such defenses does not concede that it bears the burden of proof as to any such defenses. Discovery has not yet begun in this matter, thus QTI has not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, QTI reserves the right to amend, modify, and or expand these defenses and to take further positions as discovery proceeds in this matter.

# FIRST DEFENSE
## (Invalidity)

2. Upon information and belief, QTI alleges that each asserted claim of the '349 and '208 patents is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

3. The asserted claims of the '349 and '208 patents are anticipated under § 102 or obvious under § 103 in view of prior art that disclosed at least the following elements: sense amplifiers; cascode stages; bit lines; pass transistors; data lines; data paths and complementary data paths; differential data signals; sense enable signals; memory cells; isolation circuits; self-timed storage devices; unclocked latches; self-timed latches; row decoders; column logic; output buffers; bitcell arrays.

4. The asserted claims of the '349 and '208 patents are also invalid under § 112 because, for example, the claims are not supported by the specification's written description of the invention, the claims do not particularly point out and distinctly claim the subject matter of the invention, and/or the specification does not enable any person skilled in the art to make and use the invention.

## SECOND DEFENSE

**(Prosecution History Estoppel and Disclaimer)**

5. Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications resulting in the patents-in-suit, namely, the admissions, representations, and amendments made on behalf of the applicants as to those patents, or other patents in the same patent family, QTI alleges that Plaintiff is estopped from extending the coverage of the asserted claims in the patents-in-suit, including under the doctrine of equivalents, to cover the accused products.

6. During the prosecution of the '349 patent, the applicant amended the patent application and made assertions regarding the scope of its claims, including on June 19, 2002. During the prosecution of the '208 patent, the applicant amended the patent application and made assertions regarding the scope of its claims, including on August 17, 2004. These amendments and assertions relate to the statutory requirements for patentability, and narrowed the scope of claimed subject matter. Plaintiff is estopped from asserting that the claims of the '349 and '208 patents cover subject matter that was surrendered during prosecution by amendment and/or argument.

## THIRD DEFENSE

**(28 U.S.C. § 1498)**

7. Upon information and belief, QTI may sell and/or offer for sale in the United States the accused products to the United States government or to third parties who sell the accused products to the United States government. QTI is therefore entitled to assert 28 U.S.C. § 1498 as a defense to Plaintiff's claims of patent infringement.

## FOURTH DEFENSE

### (No Injunctive Relief)

8. Upon information and belief, to the extent Plaintiff seeks injunctive relief for alleged infringement, the relief it seeks is unavailable because it does not make, use, or sell any products that practice any claim of the asserted patents. Any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law.

## FIFTH DEFENSE

### (Limitation on Damages)

9. The relief sought by Plaintiff based on QTI's alleged infringement of the '349 and '208 patents is limited by 35 U.S.C. § 286, which prohibits recovery for any alleged infringement committed more than six years before the filing of the Complaint.

10. The relief sought by Plaintiff based on QTI's alleged infringement of the '349 and '208 patents is limited by 35 U.S.C. § 287 because Plaintiff, or its predecessors, failed to mark its products incorporating the purported inventions of the '349 and '208 patents with the applicable patent numbers as required by 35 U.S.C. § 287.

## QTI'S COUNTERCLAIMS

As counterclaims against Plaintiff, QTI alleges as follows:

### JURISDICTION AND VENUE

11. These counterclaims are for declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has jurisdiction over these counterclaims as controversy exists by virtue of Plaintiff's claims recited in its Complaint.

12. These counterclaims arise under the United States patent laws, 35 U.S.C. § 1 *et seq*. The court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Plaintiff on the basis that Plaintiff has submitted itself to the Court's jurisdiction by filing its Complaint in this Court. The exercise of jurisdiction over Plaintiff would be reasonable.

14. Plaintiff has admitted that venue is proper in this judicial district by virtue of filing its Complaint in this Court.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '208 patent)**

15. QTI incorporates by reference the responses and allegations set forth in paragraphs 3-5 of these Defenses and Counterclaims.

16. Upon information and belief, QTI alleges that each asserted claim of the '208 patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. The asserted claims of the '208 patent are anticipated under § 102 or obvious under § 103 in view of prior art that disclosed at least the following elements: sense amplifiers; cascade stages; bit lines; pass transistors; data lines; data paths and complementary data paths; differential data signals; sense enable signals; memory cells; isolation circuits; self-timed storage devices; unclocked latches; self-timed latches; row decoders; column logic; output buffers; bitcell arrays.

18. The asserted claims of the '208 patent are also invalid under § 112 because, for example, the claims are not supported by the specification's written description of the invention, the claims do not particularly point out and distinctly claim the subject matter of the invention, and/or the specification does not enable any person skilled in the art to make and use the invention.

19. QTI seeks a judgment declaring that the asserted claims of the '208 patent are invalid.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '349 patent)**

20. QTI incorporates by reference the responses and allegations set forth in paragraphs 3-5 of these Defenses and Counterclaims.

21. Upon information and belief, QTI alleges that each asserted claim of the '349 patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

22. The asserted claims of the '349 patent are anticipated under § 102 or obvious under § 103 in view of prior art that disclosed at least the following elements: sense amplifiers; cascade stages; bit lines; pass transistors; data lines; data paths and complementary data paths; differential data signals; sense enable signals; memory cells; isolation circuits; self-timed storage devices; unclocked latches; self-timed latches; row decoders; column logic; output buffers; bitcell arrays.

23. The asserted claims of the '349 patent are also invalid under § 112 because, for example, the claims are not supported by the specification's written description of the invention, the claims do not particularly point out and distinctly claim the subject matter of the invention, and/or the specification does not enable any person skilled in the art to make and use the invention.

24. QTI seeks a judgment declaring that the asserted claims of the '349 patent are invalid.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '208 patent)**

25. QTI incorporates by reference the responses and allegations set forth in paragraph 2 of these Defenses and Counterclaims.

26. QTI does not infringe and has not infringed, directly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '208 patent and believes that Plaintiff's Complaint has been filed without good cause.

1  27.  QTI seeks a judgment declaring that QTI does not infringe directly, literally or by the doctrine of equivalents, and has not infringed any asserted claim of the '208 patent.

### FOURTH COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '349 patent)**

28.  QTI incorporates by reference the responses and allegations set forth in paragraph 2 of these Defenses and Counterclaims.

29.  QTI does not infringe and has not infringed, directly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '349 patent and believes that Plaintiff's Complaint has been filed without good cause.

30.  QTI seeks a judgment declaring that QTI does not infringe directly, literally or by the doctrine of equivalents, and has not infringed any asserted claim of the '349 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment and relief as follows:

A. Dismissing Plaintiff's Complaint with prejudice, and denying Plaintiff any relief;

B. Declaring that the asserted claims of the '208 patent and the '349 patent are invalid;

C. Declaring that QTI has not infringed the asserted claims of the '208 patent and '349 patents;

D. Permanently enjoining Plaintiff from asserting against QTI any claim of patent infringement with respect to the '208 patent or the '349 patent;

E. Entering judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding QTI its costs and attorneys' fees; and

F. Awarding QTI such further and additional relief as the Court deems just and proper.

# JURY DEMAND

QTI demands a trial by jury on all issues so triable.

DATED: November 22, 2013        QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Justin Griffin
    David A. Nelson (*pro hac vice* pending)
    Justin C. Griffin
    Marc L. Kaplan (*pro hac vice* pending)
    Attorneys for Qualcomm Technologies, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On November 22, 2013, I served true copies of the following document(s) described as **QUALCOMM TECHNOLOGIES INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT, DEFENSES, AND COUNTERCLAIMS** on the interested parties in this action as follows:

VIA US MAIL & EMAIL
Brandon C. Fernald
510 W. 6th St., Suite 700
Los Angeles, CA 90014
Brandon@fernaldlawgroup.com

VIA EMAIL
David A. Skeels
skeels@fsclaw.com
Jonathan T. Suder
jts@fsclaw.com
Friedman Suder & Cooke
Tindall Sq. Warehouse No.1
604 E 4th St., Suite 200
T: 817-334-0400
F: 817-334-0401

☒ **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from candyliao@quinnemanuel.com by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 22, 2013, at Los Angeles, California.

_____
Ashley Sturtevant