O

United States District Court
Central District of California

| | |
|---|---|
| PROGRESSIVE SEMICONDUCTOR SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALCOMM TECHNOLOGIES INC.; MARVELL SEMICONDUCTOR INC.,<br><br>    Defendants. | Case No. 8:13-cv-01535-ODW(JEMx)<br><br>**ORDER SEVERING CASES AND DISMISSING DEFENDANT MARVELL SEMICONDUCTOR INC. WITHOUT PREJUDICE** |

  On September 30, 2013, Plaintiff Progressive Semiconductor Solutions LLC filed a patent-infringement suit against Defendants Qualcomm Technologies Inc. and Marvell Semiconductor Inc. (ECF No. 1.) After both Defendants answered and the parties filed a Rule 26(f) report, the Court issued a Scheduling and Case Management Order. (ECF No. 41.)

  On February 28, 2014, the parties filed a stipulation seeking to sever Progressive Semiconductor's claims against each Defendant, as Defendants contend a consolidated action violates 35 U.S.C. § 299. The parties agree to separate trials for both Defendants but want the Court to coordinate the newly severed actions for all other dates.

While Federal Rule of Civil Procedure 20 ordinarily governs permissive joinder in civil cases, Congress set out a separate standard for joinder in patent cases. Under 35 U.S.C. § 299, a plaintiff may join accused infringers in one action only if,

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

§ 299(a). But a plaintiff may not join defendants solely because they allegedly infringed the same patent or patents. § 299(b).

Here, all parties agree that that Progressive Semiconductor did not comply with § 299 in filing a complaint against two Defendants who allegedly infringe Plaintiff's patents in different ways. Indeed, it appears that Progressive Semiconductor only filed suit against Defendants together because they allegedly infringe the same two patents—in direct contravention of § 299(b).

But neither can the Court simply sever the cases into two civil actions. Plaintiff may not circumvent the filing requirement—either intentionally or unintentionally—by having the Court simply split a case in two postfiling. Rather, the Court will permit Plaintiff to file an amended complaint solely against Qualcomm Technologies and file a new civil action against Marvell Semiconductor. Once Plaintiff files the second action, the Court will coordinate, though not consolidate, the actions in accordance with the January 28, 2014 Scheduling and Case Management Order. The Court will only set Marvell Semiconductor's trial a few weeks after Qualcomm Technologies's trial.

The Court therefore **DENIES** the parties' stipulation and **DISMISSES** Defendant Marvell Semiconductor **WITHOUT PREJUDICE**. (ECF No. 44); *see*

Fed. R. Civ. P. 21; 35 U.S.C. § 299.  Progressive Semiconductor shall have 14 days to file an amended complaint against Qualcomm Technologies and a new civil action against Marvell Semiconductor.  Once the Court receives these documents, it will issue a scheduling order in the *Marvell Semiconductor* action and coordinate the two cases for all purposes except trial.

**IT IS SO ORDERED.**

March 3, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**